

**IT IS ORDERED as set forth below:**

**Date: August 28, 2014**

_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>Tyrone Shanks,<br><br>    Debtor.<br> | CASE NO. 14-52925-BEM<br><br>CHAPTER 7 |
| Tyrone Shanks,<br><br>    Plaintiff,<br><br>v.<br><br>Sallie Mae, Navient Solutions, Inc., and United States Department of Education,<br><br>    Defendants. | ADVERSARY PROCEEDING NO.<br>14-5189-BEM |

**O R D E R**

This matter is before the Court on Navient Solutions, Inc.'s "Motion to Dismiss Defendants Sallie Mae Student Loans and Sallie Mae, Inc. From This Adversary Proceeding, or

in the Alternative, For Summary Judgment" [A.P. Doc. No. 9]. The Plaintiff-Debtor filed a complaint to determine dischargeability of student loan debt against Sallie Mae Student Loans [A.P. Doc. No. 1]. Navient Solutions, Inc. filed a motion to dismiss, or in the alternative for summary judgment, on behalf of Sallie Mae Student Loans on the grounds that it is the successor in interest to Sallie Mae, Inc. and that it is merely a loan servicer for the United States Department of Education, which is the holder of the loans [A.P. Doc. No. 4]. The Plaintiff subsequently filed an amended complaint to add the United States Department of Education as a defendant and to change the name of Defendant Sallie Mae Student Loans to Sallie Mae, Inc. [A.P. Doc. No. 5]. Navient Solutions then filed a second motion to dismiss, or in the alternative for summary judgment on the grounds that neither it nor any Sallie Mae entity is a proper party in interest because they are not creditors of the Plaintiff [A.P. Doc. No. 9]. Navient Solutions seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The Plaintiff did not file a response to the second motion to dismiss or otherwise contest the allegations in Navient Solutions's motion.

Navient Solutions attached an affidavit to its motion. Under Federal Rule of Civil Procedure 12(d), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012(b), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In this case, the Court will exclude the affidavit because Navient Solutions's motion does not comply with the Local Rule governing motions for summary judgment. The motion fails to include "a separate and concise statement of the material facts, numbered separately, as to which the movant contends no genuine issue exists to be tried." BLR 7056-1(a)(1). Therefore, the Court will consider the motion as a motion to dismiss.

2

When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The complaint in this case alleges the outstanding balance of the Plaintiff's student loans, the Plaintiff's reasons for obtaining the loans, the Plaintiff's efforts to find employment and repay the loans, and the financial hardships caused by the loans. None of the allegations in the original complaint make any reference to Sallie Mae Student Loans, Sallie Mae, Inc., or Navient Solutions. The amended complaint adds the United States Department of Education as "a real party in interest" and "seeks to correct the name of the party listed as defendant that services the loans of the Department of Education and the plaintiff. The correct name is Sallie Mae, Inc." [A.P. Doc. No. 5]. Thus, neither the original complaint nor the amended complaint allege that Plaintiff owes any debt to Sallie Mae or Navient Solutions or that they have any interest in the student loans other than as a servicer. Because the Plaintiff's complaint seeks to discharge a debt but fails to allege Sallie Mae or Navient Solutions has any interest in the debt, the Plaintiff has failed to state a claim upon which relief may be granted as to Sallie Mae or Navient Solutions.

For the foregoing reasons, it is hereby ORDERED that Sallie Mae, Inc., now known as Navient Solutions, Inc., shall be dismissed as a defendant from this adversary proceeding.

**END OF ORDER**

3

**Distribution List**

Tyrone Shanks
Apt. 613
5850 Hillandale Drive
Lithonia, GA 30058

Sallie Mae
Department of Loan Services
P O Box 9635
Wilkes-Barre, PA 18773

United States Department of Education
Lyndon Baines Johnson Department of
Education Building
400 Maryland Ave, SW
Washington, DC 20202

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

United States Attorney for the Northern
District of Georgia
Civil Process Clerk
Richard B. Russell Federal Building
75 Spring Street, SW
Suite 600
Atlanta, GA 30303-3309

Thomas W. Joyce
Jones, Cork & Miller LLP
435 Second Street
P. O. Box 6437
Macon, GA 31208-6437